61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Apolonio M. ROY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3228.
 United States Court of Appeals, Federal Circuit.
 July 14, 1995.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Apolonio M. Roy petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal as untimely filed. Roy v. Office of Personnel Management, Docket No. SE0831940557-I-1 (Dec. 5, 1994). Because the board's decision was not arbitrary, an abuse of discretion, or otherwise not in accordance with law, we affirm.
 
 DISCUSSION
 
 2
 In a reconsideration decision issued January 10, 1989, the Office of Personnel Management (OPM) denied Roy's application for an annuity under the Civil Service Retirement System. OPM's decision informed Roy of his right to appeal to the board and of the twenty-five day time limit for filing such an appeal. The decision also enclosed instructions for filing an appeal.
 
 
 3
 Rather than file an appeal with the board, Roy wrote to OPM on January 25, 1989, asserting that OPM was obligated to decide his claim and that OPM's advice to appeal to the board was "misleading [because the board] has no jurisdiction on retirement related matter[s]." In response, OPM wrote to Roy on March 14, 1989, advising him to contact the board and again enclosing copies of the board's regulations and directions for appeal. Roy continued to seek review by OPM despite OPM's further notices that the board was the proper forum for review.
 
 
 4
 On June 9, 1994, Roy filed an appeal of OPM's January 10, 1989 decision with the board. The board's Administrative Judge (AJ) ordered Roy to file evidence and argument showing that good cause existed for his five-year, five-month delay in filing an appeal. In response, Roy stated that he had asked OPM to reconsider within the prescribed period and that he "honestly believed at that time that the OPM has exclusive cognizance over all cases of employment" and that OPM's advice to file at the board was "merely directory and not mandatory." Further, Roy explained that he had been unable to obtain a representative until July 12, 1994.
 
 
 5
 In an initial decision dated August 31, 1994, the AJ found that Roy's persistence in seeking relief from OPM despite clear notice that his appeal should be to the board did not establish that he had been prudent or diligent in filing his appeal. The initial decision became the final decision of the board when it denied Roy's petition for review on December 5, 1994. Roy now appeals.
 
 
 6
 The board may waive its regulatory filing deadline if the appellant demonstrates good cause for a delay in filing. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 652 (Fed.Cir.1992) (in banc). To establish good cause for an untimely filing, the appellant must show that he exercised diligence and ordinary prudence under the particular circumstances of the case. Id. at 653. This court's review of a board decision dismissing an appeal for untimeliness in filing it "is limited to whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with law." Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982) (footnote omitted). Because the board has broad discretion in controlling its own docket, waiver of the filing deadline is "a matter committed to the board's discretion and this court will not substitute its own judgment for that of the board." Id.
 
 
 7
 The board considered Roy's assertions that he believed he should file his appeal with OPM and that he had difficulty obtaining legal representation. In light of the clear and repeated notices Roy received that he had to submit his appeal to the board, the board decided that these assertions did not constitute good cause to waive the untimeliness of Roy's appeal, which was more than five years late. Under these circumstances, the board's decision not to excuse Roy's delay was not arbitrary, an abuse of discretion, or otherwise not in accordance with law.